```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
KESTON BRAITHWAITE,

                    Plaintiff,

         -against-                              ORDER
                                                23-CV-1431(JS)(AYS)
FRANK TROPEA, Clerk of Court,
County Court, Suffolk County;
HONORABLE JOHN B. COLLINS,
Justice Supreme Court; and
SUSAN CONNER,
Senior Court Reporter;

                    Defendants.
-----------------------------------------X
APPEARANCES
For Plaintiff:    Keston Braithwaite, pro se
                  22B4593
                  Clinton Correctional Facility
                  P.O. Box 2000
                  Dannemora, New York  12929


For Defendants:   No appearance.
```

SEYBERT, District Judge:

Presently before the Court are two pro se filings by incarcerated Plaintiff Keston Braithwaite ("Plaintiff"): (1) an Application to Proceed in District Court Without Paying Fees or Costs (Application, ECF No. 2); and (2) a Motion for an Order to Show Cause (a) seeking an order directing Defendants Frank Tropea ("Tropea"), Honorable John B. Collins ("Judge Collins"), and Susan Conner ("Conner"; collectively, the "Defendants") to show cause "why a preliminary injunction should not issue" enjoining "them from denying the Plaintiff access to the Records in his Case,

County Court Ind. No. 308C-2020 and falsifying documents in the past and in the future," and (b) requesting Defendants temporarily be ordered to "restrain[] from commiting [sic] crimes including concealment of Records and falsifying documents." (OSC Motion, ECF. No. 4; see also Pl.'s Support Aff., ECF No. 4-1.)  This Order rules on the Application and addresses only that portion of the OSC Motion seeking a temporary restraining order ("TRO").[1] Hereafter, the OSC Motion is referred to as the TRO Motion.

---

[1]  The Court holds in abeyance any determination regarding Plaintiff's request for a preliminary injunction pending its initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.  See Braithwaite v. Collins, No. 22-CV-0161, 2022 WL 1624122, at *2 (E.D.N.Y. May 23, 2023) ("Section 1915A of Title 28 requires federal district courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  See Prison Litigation Reform Act, 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint without prejudice if the Court lacks subject matter jurisdiction.  See FED. R. CIV. P. 12(h)(3). The Court is required to dismiss the action as soon as it makes such a determination.  See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).").  If Plaintiff's Complaint survives Section 1915A screening, Defendants will be served with summonses and the Complaint.

The Court further notes that there is no indication upon the present record that Plaintiff has given Defendants notice of his OSC Motion.  Accordingly, at this juncture, Plaintiff's preliminary injunction request is procedurally premature.  See Rule 65(a)(1) ("**Notice**.  The court may issue a preliminary injunction only on notice to the adverse party." (emphasis added)).

2

I.   <u>Plaintiff's Application</u>

Having reviewed his financial status, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.   <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's Application (ECF No. 2) is GRANTED.

II.   <u>Plaintiff's TRO Motion</u>

Based on Plaintiff's Complaint (ECF No. 1), the TRO Motion, Plaintiff's Support Affidavit, and his accompanying 20 exhibits (ECF Nos. 7-1 through 7-4), the Court finds that Plaintiff has not met his burden of establishing an entitlement to a TRO. Accordingly, the TRO Motion (ECF No. 4) is DENIED.

[Remainder of page intentionally left blank.]

A. Relevant Background

In his present Section 1983 Complaint, which relates to his arrest and state court criminal prosecution,[2],[3] Plaintiff asserts that: (1) (a) even though Plaintiff requested specific documents and his entire state-court file from May 5, 2022 from the County Court, (b) the County Court responded to Plaintiff's request indicating those documents were available, consisted of 220 pages, and would cost $143 to copy, and (c) Plaintiff submitting the $143 copying fee (as a money order), Tropea failed to turn over the requested copies of Plaintiff's state-court file

---

[2]  The Court presumes the parties' familiarity with Plaintiff's underlying state court criminal action, but notes that according to the information maintained by the New York State Office of Court Administration on its public website, in Suffolk County Court, Criminal Term, Case No. 00308C-2020, on July 18, 2022, Plaintiff was convicted by a jury on a multi-count indictment including Operating as a Major Trafficker, a class A-1 felony, and Conspiracy in the Second Degree, a class B felony. See https://iapps.courts.state.ny.us/webcrim (last visited on Sept. 16, 2022).  In sum, Plaintiff challenges his arrest and conviction, asserting that he was illegally apprehended, and then convicted, based upon cellphone "ping data" collected without a warrant; he also maintains that evidence used against him at trial was illegally obtained via a warrantless search of his apartment. (See Sept. 23, 2022 Sent'g Hr'g Tr., ECF No. 7-4, at ECF pp.81-87; see also Compl. at ECF pp.16-17, 19.)

[3]  Plaintiff is a prolific filer in this Court; excluding the instant action, since January 2022, he has filed eight pro se in forma pauperis complaints relating to his arrest and state court criminal prosecution. See Braithwaite v. Gaitman, No. 22-CV-0974, 2022 WL 14059127, at *1 n.2 (E.D.N.Y. Oct. 24, 2022) (identifying those eight other actions).

(see Compl. at ECF pp.11-12); (2) thereafter, "Tropea chose to forward Plaintiff's $143 money order to Judge John B. Collins" (id. at ECF p.16); (3) in turn, Judge Collins returned Plaintiff's $143 money order to Plaintiff's defense attorney "to block Plaintiff from inspecting his Court file" (id. at ECF p. 12); and (4) on July 5, 2022, Plaintiff's defense attorney handed Plaintiff a partial copy of his state-court file, which did not include filings made prior to June 2022 (see id.; see also id. at ECF p.16), and which Plaintiff believes was done under Tropea's and Judge Collin's directives (see id. at ECF p.15). As to Conner, Plaintiff further alleges: "Conner[] deliberately [sic] falsified documents for the District Attorney of Suffolk County and Judge Collins to hinder Plaintiff's appeal," (id. at ECF p.16), to wit, "Conner[]chose not to record Plaintiff's Statement "Ping Data" in favor for her colleages [sic] Jacob Kubetz [the Assistant District Attorney] and Judge Collins." (Id. at ECF p.18.) Moreover, despite Plaintiff's requests that Conner correct the sentencing transcript during which Plaintiff referred to "Ping Data", she has not done so. (See id.)

Based upon these allegations, Plaintiff claims his First, Fifth, Sixth, and Fourteenth Amendment constitutional rights have been violated. (See Compl. at ECF p.4.) He further

asserts the following ten purported causes of action:

        1.    denial of judicial records;
        2.    fraud on the court;
        3.    concealment of records;
        4.    falsify evidence/documents;
        5.    altered transcripts;
        6.    procedural due process;
        7.    substantive due process;
        8.    Fourteenth Amendment violation;
        9.    Conspiracy to interfere with civil rights; and
        10.   Deprivation of civil rights.

(Compl. at ECF p.19.)  By way of relief, Plaintiff requests:

> [d]eclaratory relief, injunctive relief in that my court file that consist of 220 pages that was filed before May 5th, 2022, that the Clerk of the Court including Frank Tropea refrain from falsifying documents for the District Attorney Suffolk County, and Judge Collins such as back dating and filing Search and Arrest warrants after they admitted that there was no Search and Arrest warrants filed in their office, and Susan O'Conner [sic] fix errors in my sentencing transcripts so I can bring up those issues in my appeal.  I am seek compensatory damages in that I would like my entire Court file with no pages missing (Certified, true and accurate filing dates), a True and accurate copy of my sentencing transcript, and the costs and fees I spent to prosecute this action, Past and future damages, Punitive damages.  I would like all money damages in the sum of $30,000,000.00.

(Id. at ECF pp.20-21.)

    B.    The Present TRO Motion

        In his Support Affidavit, Braithwaite avers this action

was commenced "to recover documents and restrain Defendants from

6

any wrongdoing." (Support Aff. ¶ 2.) He further contends that the Defendants have "been adamant in their refusal to provide Plaintiff with Certified copy of his Court file . . . and to correct errors in his Court minutes," which "may hinder [his] appeal." (Id. at ¶ 12 (emphasis added).)

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). In this Circuit, courts employ the same standard when deciding whether to issue a TRO or a preliminary injunction, although a TRO is often granted ex parte and has, at most, a limited 14-day lifespan. See Omnistone Corp. v. Cuomo, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020); see also Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO, 306 F.2d 840, 842 (2d Cir. 1962) ("The purpose of a temporary restraining order is to preserve an existing

7

situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction."). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006). Plaintiff has failed to make the requisite showing.

## 1. Likelihood of Success on the Merits

Plaintiff is unable to demonstrate that he is likely to succeed on the merits of his claims. First, Judge Collins is "absolutely immune from suit for damages for any actions taken within the scope of [his] judicial responsibilities." Griggs v. Criminal Court of the City of N.Y., No. 21-CV-1899, 2021 WL 1535056, at *2 (S.D.N.Y. Apr. 19, 2021) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)). Plaintiff does not allege that Judge Collins acted outside his judicial capacity in the underlying state court action; hence, the Judge's actions – or inactions – in this instance are "considered judicial in nature." Id. (quoting Sliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009)). Therefore, Plaintiff's

claims against Judge Collins are likely to be dismissed on the ground of absolute judicial immunity.

Second, Tropea is similarly immune.  In essence, Plaintiff's claims against Tropea are that Tropea failed to perform his duties; there are no allegations that Tropea acted outside of his official capacity.  See Manko v. Steinhardt, No. 11-CV-5430, 2012 WL 213715, at *3 (E.D.N.Y. Jan. 24, 2012) (finding clerk of court immune from claims arising from alleged failure to perform duties where there were no allegations that clerk of court acted in individual capacity); see also Peterkin v. Carr, No.20-CV-0524, 2020 WL 7186796, *3 (E.D.N.Y. Dec. 7, 2020) (finding court staff member named in his official capacity entitled to judicial immunity) (citing Treistman v. McGinty, 804 F. App'x 98 (2d Cir. 2020) (affirming district court's determination that family court employees were immune from suit)).

Third, Conner, as a court-reporter, is likely entitled to qualified immunity.  "Under the doctrine of qualified immunity, court reporters are shielded from suit for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights."  Griggs, 2021 WL 1535056, at *3 (citing Antoine v. Byers & Anderson Inc., 508 U.S. 429 (1993)).  As this Court has previously ruled, the right to an absolutely accurate

trial transcript is not clearly established for purposes of determining the viability of a qualified immunity defense in a Section 1983 Action.  See Curro v. Watson, 884 F. Supp. 708, 721-24 (E.D.N.Y. 1995), aff'd 100 F.3d 942 (2d Cir. 1996); see also Burrell v. Swartz, 558 F. Supp. 91, 92 (S.D.N.Y. 1983) ("No constitutional or federal statutory right exists to an absolutely accurate trial transcript.").  Moreover, "[t]o the extent Plaintiff attempts to assert that inaccurate transcriptions deprived him of due process, such a claim would fail, because New York has adequate procedures for correcting alleged inaccuracies in transcripts."  Collins v. New York City, No. 2019 WL 4805692, at *3 (S.D.N.Y., 2019) (citing Curro, 884 F. Supp. at 720-23); see also Curro, 884 F. Supp. at 718 (discussing New York's transcript settlement procedures and finding they provide all the process due plaintiff).  Notwithstanding having filed a complaint with the Tenth District Administrative Office, Suffolk County ("Tenth District AO") (see Compl. at ECF p.18.), Plaintiff has not alleged to have availed himself of other available transcript settlement procedures.

## 2. Likelihood of Suffering Irreparable Harm

The Court understands that Plaintiff has timely filed an appeal of his conviction.  See People v. Braithwaite, No. 2022-

10

09001 (N.Y. App. Div., 2d Dep't Sept. 27, 2022).   However, Plaintiff has not clearly demonstrated immediate and irreparable injury, loss, or damage to his appellate rights if the requested TRO does not issue.   Indeed, by his own admission, Plaintiff asserts that not receiving the requested documents and corrected transcript "may hinder" his appeal.   "[S]peculative, remote or future injury is not the province of injunctive relief."   Abreu v. Thomas, No. 9:17-CV-1312, 2019 WL 11153865, at *3 (N.D.N.Y. May 22, 2019) (citing Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983)).   Moreover, as to his request for a corrected sentencing transcript, while Plaintiff alleges to have filed a grievance with the Tenth District AO, he further states he "did not receive a confirmation nor a decision." (Compl. at ECF p.18.)   Thus, it is unclear whether that avenue for correction remains open.   Further, as noted above, Plaintiff has not indicated whether he has pursued any other available transcript settlement procedures.   See Curro, 884 F. Supp. at 718 (discussing New York's transcript settlement procedures).

### 3. Balancing of Equities and the Public Interest

Plaintiff does not address these prongs of the TRO analysis.   In any event, upon the present record, the Court finds the equities do not tip in Plaintiff's favor or that it is in the

11

public interest to issue the requested TRO especially since, pursuant to Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.  Further, as already addressed regarding his claims against Conner, Plaintiff has other means to seek the correction of his sentencing transcript.  See Curro, 884 F. Supp. at 718 ("In addition [to available N.Y.S. post-deprivation remedies], any significant unresolved questions concerning the transcript's accuracy could be raised on appeal, and if found to be substantial, would permit a remand of the proceedings back to the original trial judge to resettle the transcript.  (citations omitted)).

<u>CONCLUSION</u>

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's TRO Motion (ECF No. 4) is DENIED; to the extent Plaintiff also seeks preliminary injunctive relief, that request is held in abeyance pending the Court's Section 1915A screening of the Complaint.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies any appeal from this Order would not be taken in good faith.  Therefore, <u>in forma pauperis</u> status

is DENIED for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962); and

   **IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to the <u>pro se</u> Plaintiff at his address of record, including the notation "LEGAL MAIL" on the mailing envelope.

         **SO ORDERED.**

         /s/ <u>JOANNA SEYBERT</u>
         Joanna Seybert, U.S.D.J.

Dated: March _2_, 2023
   Central Islip, New York