**FILED
CLERK**

6/27/2023 1:25 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
KESTON BRAITHWAITE,

                    Plaintiff,

     -against-                          MEMORANDUM AND ORDER
                                        23-CV-1431(JS)(AYS)
FRANK TROPEA, Clerk of Court,
County Court, Suffolk County;
HONORABLE JOHN B. COLLINS,
Justice Supreme Court; and
SUSAN CONNER,
Senior Court Reporter,

                    Defendants.
---------------------------------------X
APPEARANCES
For Plaintiff:     Keston Braithwaite, pro se
                   22B4593
                   Sing Sing Correctional Facility
                   354 Hunter Street
                   Ossinig, New York  10562

For Defendants:    No appearance.

SEYBERT, District Judge:

        By Order dated March 2, 2023 (the "Order"), the Court

granted the Application to Proceed in District Court Without Paying

Fees or Costs (Application, ECF No. 2) filed by incarcerated

Plaintiff Keston Braithwaite ("Plaintiff") together with his pro

se Complaint (Compl., ECF No. 1).[1]  (See Order, ECF No. 9.)  The

_____

[1]  The Order also denied Plaintiff's Motion for Order to Show Cause
seeking an order: (1) directing Defendants to show cause "why a
preliminary injunction should not issue" enjoining "them from
denying the Plaintiff access to the Records in his Case, County
Court Ind. No. 308C-2020 and falsifying documents in the past and
in the future," and (2) requesting Defendants temporarily be
ordered to "restrain[] from commiting [sic] crimes including

Complaint is brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Frank Tropea, the Clerk of the Court, County Court Suffolk County ("Tropea"), Honorable John B. Collins ("Judge Collins"), and Susan Conner,[2] Senior Court Reporter ("Conner"; collectively, the "Defendants").

Upon review of Plaintiff's Complaint (ECF No. 1) in accordance with 28 U.S.C. § 1915A(a), the Court finds that Plaintiff has not alleged a plausible claim for relief. Accordingly, for the reasons that follow, the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b).  Given the dismissal of the Complaint, Plaintiff's motion seeking a preliminary injunction (ECF No. 4) is DENIED.

<u>RELEVANT BACKGROUND AND SUMMARY OF THE COMPLAINT</u>

Plaintiff is a prolific filer in this Court; excluding the instant action, since January 2022, he has filed eight

_____

concealment of Records and falsifying documents."  (Order at 1-2 (citing OSC Motion, ECF. No. 4, and Pl.'s Support Aff., ECF No. 4-1).)  The Court ruled on Plaintiff's OSC Motion to the extent it sought a temporary restraining order ("TRO") and held in abeyance any determination regarding Plaintiff's request for a preliminary injunction pending its initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (<u>See</u> Order at 2 n.1.)

[2] Notably, the Sentencing Transcript filed by Plaintiff as Exhibit 18 to his Complaint (<u>see</u> ECF No. 7-4 at 2) reflects that the Court Reporter's sur-name is "Connors" rather than "Conner".  For consistency with Plaintiff's Complaint, the Court will use "Conner" in this Memorandum and Order.

unsuccessful pro se in forma pauperis complaints relating to his arrest and state court criminal prosecution.  See Braithwaite v. Gaitman, No. 22-CV-0974, 2022 WL 14059127, at *1 n.2 (E.D.N.Y. Oct. 24, 2022) (identifying those eight other actions).  In his present Section 1983 Complaint, which relates to his arrest and state court criminal prosecution,[3] Plaintiff asserts that: (1) (a) even though Plaintiff requested specific documents and his entire state-court file from May 5, 2022 from the County Court, (b) the County Court responded to Plaintiff's request indicating those documents were available, consisted of 220 pages, and would cost $143 to copy, and (c) Plaintiff submitted the $143 copying fee (as a money order), Tropea failed to turn over the requested copies of Plaintiff's state-court file (see Compl. at ECF pp. 5-7, 11-12);

---

[3]  The Court presumes familiarity with Plaintiff's underlying state court criminal action, but notes that according to the information maintained by the New York State Office of Court Administration on its public website, in Suffolk County Court, Criminal Term, Case No. 00308C-2020, on July 18, 2022, Plaintiff was convicted by a jury on a multi-count indictment including Operating as a Major Trafficker, a class A-1 felony, and Conspiracy in the Second Degree, a class B felony. See https://iapps.courts.state.ny.us/webcrim (last visited on Sept. 16, 2022).  In sum, Plaintiff challenges his arrest and conviction, asserting that he was illegally apprehended, and then convicted, based upon cellphone "ping data" collected without a warrant; he also maintains that evidence used against him at trial was illegally obtained via a warrantless search of his apartment.  (See Sept. 23, 2022 Sent'g Hr'g Tr., ECF No. 7-4, at ECF pp.81-87; see also Compl. at ECF pp.16-17, 19.)

(2) thereafter, "Tropea chose to forward Plaintiff's $143 money order to Judge John B. Collins" (id. at ECF p.16); (3) in turn, Judge Collins returned Plaintiff's $143 money order to Plaintiff's defense attorney in open court "to block Plaintiff from inspecting his Court file" (id. at ECF pp.9, 12); and (4) on July 5, 2022, Plaintiff's defense attorney handed Plaintiff a partial copy of his state-court file, which did not include filings made prior to June 2022 (see id.; see also id. at ECF p.16), and which Plaintiff believes was done under Tropea's and Judge Collin's directives (see id. at ECF p.15).

As to Conner, Plaintiff alleges: "Conner[] deliberately [sic] falsified documents for the District Attorney of Suffolk County and Judge Collins to hinder Plaintiff's appeal," (id. at ECF p.16), to wit, "Conner[]chose not to record Plaintiff's Statement "Ping Data" in favor for her colleages [sic] Jacob Kubetz [the Assistant District Attorney] and Judge Collins." (Id. at ECF p.18.) Moreover, despite Plaintiff's requests that Conner correct the sentencing transcript during which Plaintiff referred to "Ping Data", she has not done so. (See id.)

Based upon these allegations, Plaintiff claims his First, Fifth, Sixth, and Fourteenth Amendment Constitutional rights have been violated. (See Compl. at ECF p.4.) He further

4

asserts the following ten purported causes of action:

1. denial of judicial records;
2. fraud on the court;
3. concealment of records;
4. falsify evidence/documents;
5. altered transcripts;
6. procedural due process;
7. substantive due process;
8. Fourteenth Amendment violation;
9. Conspiracy to interfere with civil rights; and
10. Deprivation of civil rights.

(Compl. at ECF p.19.)  By way of relief, Plaintiff requests:

> [d]eclaratory relief, injunctive relief in that my court file that consist of 220 pages that was filed before May 5th, 2022, that the Clerk of the Court including Frank Tropea refrain from falsifying documents for the District Attorney Suffolk County, and Judge Collins such as back dating and filing Search and Arrest warrants after they admitted that there was no Search and Arrest warrants filed in their office, and Susan O'Conner [sic] fix errors in my sentencing transcripts so I can bring up those issues in my appeal.  I am seek [sic] compensatory damages in that I would like my entire Court file with no pages missing (Certified, true and accurate filing dates), a True and accurate copy of my sentencing transcript, and the costs and fees I spent to prosecute this action, Past and future damages, Punitive damages.  I would like all money damages in the sum of $30,000,000.00.

(Id. at ECF pp.20-21.)

DISCUSSION

I.   Legal Standards

A.   Consideration of the Complaint Under 28 U.S.C. § 1915A

Section 1915A of Title 28 requires federal district courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

6

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

    B.   Section 1983

    Section 1983 provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the

7

Constitution of the United States.'" Rae v. County of Suffolk,
693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag,
188 F.3d 51, 53 (2d Cir. 1999)).

Plaintiff alleges a deprivation of his First, Fifth,
Sixth, and Fourteenth Amendment rights (Compl., ECF No. 1, at 4
(Section II.B)) and, as liberally construed, the Complaint
purports to allege denial of a fair trial, as well as procedural
and substantive due process claims.

C. Application

Before addressing the merits of Plaintiff's Section 1983
claims, the Court first considers several threshold barriers to
the adjudication of his claims.

1. Immunity

a. Absolute Judicial Immunity

Plaintiff's Section 1983 claims against Judge Collins
are subject to dismissal because, as a judge employed by the state
of New York, he is absolutely immune from suit. It is well-
established that judges "generally have absolute immunity" from
suit for judicial acts performed in their judicial capacities.
Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citing Mireles
v. Waco, 502 U.S. 9, 11 (1991)); Hardy-Graham v. Southampton Just.
Ct., No. 20-CV-0981, 2021 WL 260102, at *5 (E.D.N.Y. Jan. 25, 2021)

8

(Seybert, J.).  This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  Mireles, 502 U.S. at 11, 13 (internal quotation marks and citation omitted; ellipsis in original).  Rather, judicial immunity is overcome in only two instances.  The first instance is "liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity."  Bliven, 579 F.3d at 209 (quoting Mireles, 502 U.S. at 11).  The second instance is liability arising from actions taken "'in the complete absence of all jurisdiction.'"  Basile v. Connolly, 538 F. App'x 5, 7 (2d Cir. 2013) (quoting Mireles, 502 U.S. at 11-12; emphasis in the original).

Here, even upon a liberal construction, Plaintiff's allegations do not suggest that either exception applies to overcome absolute judicial immunity.  Clearly Judge Collins acted within his jurisdiction given that the alleged conducted occurred in open court during the criminal prosecution that lead to Plaintiff's state court conviction.  There can be no doubt that state court prosecution for violations of state laws relating to drug possession and weapon possession is the very kind of case over which state courts have jurisdiction.  Accordingly, Judge

Collins is shielded from suit by absolute immunity.[4]

The absolute immunity afforded to judges is not limited to judges alone, but also extends to "certain others who perform functions closely associated with the judicial process." Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988) (citation omitted); see also McKeown v. N.Y. State Comm'n on Judicial Conduct, 377 F. App'x 121, 124 (2d Cir. 2016). Here, Tropea is entitled to absolute immunity given that Plaintiff's allegations against him concern conduct that is "closely related to the judicial process." Jackson v. Pfau, 523 F. App'x 736, 737-38 (2d Cir. 2013) (affirming

---

[4] Although "[t]he doctrine of judicial immunity does not shield judges from claims for prospective declaratory relief," Krupp v. Todd, No. 14-CV-0525, 2014 WL 4165634, at *4 (N.D.N.Y. Aug. 19, 2014), "[a]bsolute judicial immunity bars declaratory judgment claims that are retrospective in nature in that they seek a declaration that a judge's past behavior has violated the Constitution." Leathersich v. Cohen, No. 18-CV-6363, 2018 WL 3537073, at *4 (W.D.N.Y. July 23, 2018) (internal quotation omitted) (citing cases); see also Moore v. City of N.Y., No. 12-CV-4206, 2012 WL 3704679, at *2 (E.D.N.Y. Aug. 27, 2012) ("Judicial immunity also bars . . . claims for retrospective declaratory relief."). A review of the Complaint makes clear that it is targeted at Judge Collins's conduct in Plaintiff's concluded state court action. (See Compl., ECF No. 1, in toto.) Indeed, Plaintiff seeks not to vindicate some prospective right, but a declaration that Judge Collins's prior judicial actions were erroneous. Given that Plaintiff seeks retrospective relief, such claims are barred. Montesano v. New York, Nos. 05-CV-9574, 05-CV-10624, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006) (neither "injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments") (citing Huminski v. Corsones, 396 F.3d 53 (2d Cir. 2005)).

10

dismissal pursuant to Section 1915(e)(2)(B) of <u>pro se</u> plaintiff's Section 1983 claims against judicial law clerk, the N.Y.S. Chief Administrative Judge, court attorneys, and the Chief Clerks of several state courts, finding "defendants were entitled to judicial immunity, because [][the] allegations against each of them concerned actions that were judicial in nature or closely related to the judicial process" (citing <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 66 (2d Cir. 1997) (noting that "[c]ourts have extended the absolute judicial immunity afforded judges to individuals . . . who perform functions closely associated with the judicial process," and holding that judges and their supporting staff are absolutely immune in matters regarding "[a] court's inherent power to control its docket")).

As a result, Plaintiff's Section 1983 claims against Judge Collins and Tropea are not plausible as a matter of law and are, therefore, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b).  <u>See</u> <u>Mills v. Fischer</u>, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

      b.  <u>Eleventh Amendment Immunity</u>

"'[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment

immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . .'" <u>Griggs v. Crim. Ct. of City of N.Y.</u>, No. 21-CV-1899, 2021 WL 1535056, at *2 (S.D.N.Y. Apr. 19, 2021), <u>appeal dismissed</u> (Oct. 28, 2021) (quoting <u>Gollomp v. Spitzer</u>, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original)). "This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief." <u>Griggs</u>, 2021 WL 1535056, at *2 (citing <u>Green v. Mansour</u>, 474 U.S. 64, 72-74 (1985); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 101-02 (1984)).

Plaintiff claims that Tropea failed to perform his duties; yet, there are no allegations that Tropea acted outside of his official capacity. (<u>See</u> Compl., <u>in toto</u>.) Indeed, Tropea is a state officer because he is the Chief Clerk of the Suffolk County Court, and the Suffolk County Court is an arm of the New York state court system.[5] <u>See</u> <u>Gollomp</u>, 568 F.3d at 366-67 ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is

---

[5] Although Plaintiff alleges Tropea is the Clerk of the Court, County Court of Suffolk County (<u>see</u> ECF No. 1 at 2), the information maintained by the New York State Office of Court Administration on its public website reflects that Tropea is the Chief Clerk of that court. <u>See</u> <u>https://ww2.nycourts.gov/courts/10jd/suffolk/county.shtml</u> (last visited on June 16, 2023).

therefore protected by Eleventh Amendment sovereign immunity."); Fishman v. Off. of Ct. Admin. N.Y.S. Cts., No. 18-CV-0282, 2020 WL 1082560, at *7 (S.D.N.Y. Mar. 5, 2020), aff'd, No. 20-1300, 2021 WL 4434698 (2d Cir. Sept. 28, 2021) ("[T]he Second Circuit has specifically held that the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." (internal quotation marks and citation omitted)). Accordingly, Tropea is shielded from suit by the Eleventh Amendment, and Plaintiff's Section 1983 claims are therefore implausible. See Watanmaker v. Clark, No. 09-CV-3877, 2010 WL 3516344, at *7 (E.D.N.Y. Aug. 31, 2010) (dismissing Section 1983 claims alleged against the Chief Clerk of the Suffolk County District Court as barred by the Eleventh Amendment (citing Casaburro v. Guiliani, 986 F. Supp. 176, 182 (S.D.N.Y. 1997) (granting state court clerk's motion to dismiss official capacity suit on Eleventh Amendment grounds)); Davis v. State of N.Y., No. 90-CV-6170, 1991 WL 156351, at *2 (S.D.N.Y. Aug. 6, 1991) (dismissing claim against state-court officials on Eleventh Amendment grounds), aff'd 106 F. App'x 82 (2d Cir. 2004); see also Manko v. Steinhardt, No. 11-CV-5430, 2012 WL 213715, at *3 (E.D.N.Y. Jan. 24, 2012) (finding clerk of court immune from claims arising from alleged failure to perform duties where there were no

allegations that clerk of court acted in individual capacity); Peterkin v. Carr, No. 20-CV-0524, 2020 WL 7186796, *3 (E.D.N.Y. Dec. 7, 2020) (finding court staff member named in his official capacity entitled to judicial immunity (citing Treistman v. McGinty, 804 F. App'x 98 (2d Cir. 2020) (affirming district court's determination that family court employees were immune from suit))). Thus, Plaintiff's Section 1983 claims against Tropea are also barred by the Eleventh Amendment and are DISMISSED WITH PREJUDICE as pursuant to 28 U.S.C. § 1915A(b).[6]

     c. Qualified Immunity

Plaintiff's Section 1983 claims against Conner are not plausible because she is entitled to qualified immunity. Qualified immunity shields government officials from civil liability resulting from the performance of their discretionary functions only where their conduct "does not violate clearly established statutory or constitutional rights of which a

---

[6] Similarly, given that Judge Collins is also a New York state employee, he too is shielded from liability in his official capacity by the Eleventh Amendment. See Silvels v. New York, 81 F. App'x 361, 362 (2d Cir. 2003) (affirming dismissal of Section 1983 claims sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the grounds of judicial and Eleventh Amendment immunity). Moreover, given Conner's apparent employment by the New York State Office of Court Administration as an Official Senior Court Reporter, she too would be shieled from liability in her official capacity by the Eleventh Amendment. However, the Court need not reach that question for the reasons that follow.

reasonable person would have known." Wallace v. Suffolk County Police Dep't, 396 F. Supp. 2d 251, 265 (E.D.N.Y. 2005) (Seybert, J.) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity applies, courts consider "whether the facts shown make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the defendant's alleged misconduct." Tankleff v. County of Suffolk, No. 09-CV-1207, 2017 WL 2729084, at *17 (E.D.N.Y. June 23, 2017) (Seybert, J.) (quoting Estate of Devine v. Fusaro, 676 F. App'x 61, at *1 (2d Cir. 2017) (cleaned up)). Whether a right was clearly established should be analyzed from the perspective of a reasonable official, and the relevant inquiry is whether "it would be clear to a reasonable offic[ial] that his conduct was unlawful in the situation he confronted." Id.

The United State Supreme Court has long extended qualified immunity to court reporters, such as Conner, where their conduct does not violate clearly established statutory or constitutional rights. See Antoine v. Byers & Anderson Inc., 508 U.S. 429 (1993) (holding that court reporters are qualifiedly, not absolutely, immune from suit); Harlow, 457 U.S. at 818 (discussing standard for establishing qualified immunity); see also Green v. v. Maraio, 722 F. 2d 1013, 1019 (2d Cir. 1983) (finding Rule

12(b)(6) dismissal of claim against court reporter on grounds of qualified immunity was appropriate where the complaint alleged court reporter acted pursuant to judge's explicit instructions). Indeed, "there is no constitutional or federal statutory right to an absolutely accurate trial transcript." Burrell v. Swartz, 558 F. Supp. 91, 92 (S.D.N.Y. 1983). Thus, insofar as Plaintiff complains that Conner excluded the words "ping data" at pages 86 and 87 from the 121-page sentencing transcript, in the absence of any constitutional or federal statutory right to an "absolutely accurate" transcript, Conner is protected by qualified immunity.[7]

_____

[7] Insofar as Plaintiff complains that the alleged transcript errors prejudice an appeal of his conviction, such facts may form the basis of a proper Section 1983 claim at the appropriate time. A criminal defendant possesses a due process right to a "substantially accurate" transcript in a criminal proceeding. Argentieri v. Majerowicz, 158 F. App'x 306, 307 (2d Cir. 2005) (summary order). However, "[m]ore than an inaccurate transcript is necessary to state a claim, [] [and] a [p]laintiff must also show that the alleged inaccuracies adversely affected the outcome of her proceedings." Wilson v. Richards, No. 14-CV-2459, 2014 WL 6682571, at *2 (S.D.N.Y. Nov. 25, 2014) (citing Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993) (internal quotation marks omitted); also citing Argentieri, 158 F. App'x at 308 (affirming summary judgment for defendant because plaintiff was not "deprived in any way of his access to courts or right to an effective appeal")). Any such claim is premature at this juncture given that the appeal filed by Plaintiff is not yet perfected. See People v. Braithwaite, No. 2022-09001, May 5, 2023 Decision and Order (N.Y. App. Div., 2d Dep't 2023) (granting Braithwaite leave to prosecute the appeal as a poor person, assigning appellate counsel, and granting extension to perfect appeal). In turn, any related claim of prejudice is currently speculative, making it implausible. See Burrell, 558 F. Supp. at 92 ("[I]f a state

McCaw v. McPartland, No. 17-CV-6431, 2018 WL 10701609, at *1 (S.D.N.Y. Apr. 2, 2018).

Accordingly, Plaintiff's Section 1983 claims against Conner are not plausible and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b). See Green, 722 F. 2d at 1019 (affirming dismissal of claims against court reporter on basis of qualified immunity and stating: "allowing . . . dismissal whenever the basis for finding qualified immunity applicable is established by the complaint itself 'permit[s] '[i]nsubstantial lawsuits [to]

---

official intentionally alters a transcript in a way that prejudices a defendant's appeal, the due process clause of the fourteenth amendment might be violated . . . .  To prove such a violation plaintiff would have to show . . . the existence of intentional tampering; then, he would have to prove the alleged errors and omissions in the trial transcript prejudice his statutory right to appeal." (citations omitted)); Godfrey v. Irvin, 871 F. Supp. 577, 584 (W.D.N.Y. 1994) ("In order to demonstrate denial of a fair appeal, [plaintiff] must show prejudice resulting from the missing or incomplete transcript.").  Thus, any substantive due process claim is not plausible given the absence of any allegation that Plaintiff suffered "some tangible harm."  Curro v. Watson, 884 F. Supp. 708, 720 (E.D.N.Y. 1995), aff'd, 100 F.3d 942 (2d Cir. 1996); see also Collins, 438 F. Supp. 2d 399, 415–16 (2d Cir. 2006) (plaintiff alleging violation of right to access to the courts must allege an "actual injury").  Upon careful review of the Complaint, Plaintiff has not alleged any tangible harm.  (See Compl., in toto.)  Plaintiff does not allege that he was not successful in his Article 78 proceedings.  Even if he was unsuccessful in those proceedings, he does not allege that any such failure stemmed from the transcriptions.  Compare Collins, 438 F. Supp. 2d at 417 (prisoner adequately alleged tangible harm where he alleged that his Article 78 proceeding was dismissed when prison officials failed to provide him with necessary copies of documents).

17

be quickly terminated''") (quoting Harlow, 457 U.S. at 814; further citation omitted); Griggs v. Crim. Ct. of City of N.Y., No. 21-CV-1899, 2021 WL 1535056, at *3 (S.D.N.Y. Apr. 19, 2021), appeal dismissed (Oct. 28, 2021) (sua sponte dismissing Section 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B) against two court reports in the absence of "any facts that suggest that the court reporters' conduct violated any of [p]laintiff's clearly established statutory or constitutional rights").

Given the dismissal of Plaintiff's federal claims against the Defendants on immunity grounds, the Court need not reach the merits.  However, in light of his pro se status, the Court explains, to the extent that Plaintiff complains that the allegedly inaccurate sentencing transcript "deprived him of due process, such a claim would fail, because New York has adequate procedures for correcting alleged inaccuracies in transcripts." See id., (citing Curro, 884 F. Supp. at 720-23); Collins v. N.Y. City, No. 19-CV-7156, 2019 WL 4805692, at *3 (S.D.N.Y., 2019) (sua sponte dismissing Section 1983 claims upon initial screening, explaining "[t]o the extent [p]laintiff attempts to assert that inaccurate transcriptions deprived him of due process, such a claim would fail, because New York has adequate procedures for correcting alleged inaccuracies in transcripts") (citing Curro, 884 F. Supp.

18

at 720-23) (discussing New York's transcript settlement procedures and finding they provide all the process due plaintiff). Notwithstanding having filed a complaint with the Tenth District Administrative Office, Suffolk County ("Tenth District AO") (see Compl. at ECF p.18), Plaintiff has not alleged to have availed himself of other available transcript settlement procedures and Plaintiff has other means to seek the correction of his sentencing transcript.  See Curro, 884 F. Supp. at 718 ("In addition [to available N.Y.S. post-deprivation remedies], any significant unresolved questions concerning the transcript's accuracy could be raised on appeal, and if found to be substantial, would permit a remand of the proceedings back to the original trial judge to resettle the transcript.") (citations omitted)).[8]

Moreover, "[a] claim that deficiencies in the trial transcripts were so great that the plaintiff's constitutional rights on appeal were violated is 'a direct challenge to the validity of the conviction and the legality of plaintiff's

---

[8] Plaintiff's allegation that the transcript was deliberately tampered with does not save his procedural due process claim because the state provides adequate post-deprivation remedies. See Curro, 884 F. Supp. at 717-19 (prisoner who alleged that court reporters deliberately altered the transcript of his criminal trial did not state procedural due process claim because New York provides a procedure for challenging inaccuracies in trial transcripts).

confinement.'"  <u>Stokes v. Kreidler</u>, No. 18-CV-0113, 2018 WL 1226027, at *3 (N.D.N.Y. Jan. 30, 2018), <u>report and recommendation adopted</u>, 2018 WL 1229699 (N.D.N.Y. Mar. 8, 2018) (citing <u>Davison v. Reyes</u>, No. 11-CV-0167, 2012 WL 948591, at *3 (E.D.N.Y. Mar. 20, 2012)).  The sole remedy for a challenge to Plaintiff's conviction is under 28 U.S.C. § 2254, after exhausting his state court remedies.  <u>See, e.g.</u>, <u>Bridgeforth v. County of Rensselaer</u>, No. 08-CV-0779, 2008 WL 5156936, at *4 (N.D.N.Y. Dec. 8, 2008), <u>adhered to on denial of reconsideration</u>, 2009 WL 102959 (N.D.N.Y. Jan. 13, 2009) (dismissing Section 1983 claims alleging, <u>inter alia</u>, that the prosecutor, judge, and court reporter conspired to alter official court records because "any attack on the sentence for which Plaintiff is currently serving cannot be attacked in a § 1983 action without an indication that such sentence has been reversed" (citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994)).

Accordingly, as is readily apparent, Plaintiff's Section 1983 claims are not plausible even if the Court were to consider the merits.

II.  <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>see</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99,

112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted.  Here, because Plaintiff could not cure the substantive deficiencies set forth above with better pleading, amendment would be futile.  Accordingly leave to amend the Complaint is DENIED.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that, upon this Court's Section 1915A(a) screening of the Complaint, Plaintiff fails to allege a plausible claim for relief for the reasons set forth above; and

**IT IS FURTHER ORDERED** that the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b) given that it fails to state a claim and seeks monetary relief from Defendants who are immune from such relief and it is frivolous; and

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking a preliminary injunction (ECF No. 4) is DENIED; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies any appeal from this Order would not be taken in good faith.  Therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

21

      **IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to the <u>pro se</u> Plaintiff at his address of record, including the notation "LEGAL MAIL" on the mailing envelope.

                                 **SO ORDERED.**

                                 /s/ JOANNA SEYBERT
                                 Joanna Seybert, U.S.D.J.

Dated: June 27, 2023
       Central Islip, New York